UNITED STATES v. ONE BOX OF TOBACCO. "FOOT PRINTS." ·

(Circuit Court of Appeals, Fourth Circuit. October 10, 1911.)

No. 1,028.

LOTTERIES (§ 3*)—INCLOSING PRIZE TAGS IN PACKAGES OF TOBACCO—CONSTRUCTION OF STATUTE.

    Under the provisions of Rev. St. § 3394 (U. S. Comp. St. 1901, p. 2221), as amended by Act Aug. 5, 1909. c. 6, § 33. 36 Stat. 110 (U. S. Comp. St. Supp. 1909, p. 861), that no packages of manufactured tobacco shall be permitted to have packed in them "any paper, certificate or instrument purporting to be or represent a ticket, chance. share or interest in, or dependent upon, the event of a lottery," the definition of a lottery is not limited to a scheme whereby the value of the certificate or ticket is dependent upon lot or chance, but includes as well a scheme, whereby the possession of a certificate or prize, having a fixed value, is made to depend on lot or chance, and the statute is violated by. concealing in 1 out of each 100 five-cent cuts of plug tobacco a tag redeemable by the maker for 50 cents.

    [Ed. Note.—For other cases. see Lotteries, Cent. Dig. § 3; Dec. Dig. § 3.*

    For other definitions, see Words and Phrases, vol. 5, pp. 4245-4252; vol. 8, pp. 7710-7711.

    What constitutes a lottery, see notes to MacDonald v. United States, 12 C. C. A. 346; Waite v. Press Pub. Ass'n, 85 C. C. A. 580.]

In Error to the District Court of the United States for the Western District of North Carolina, at Statesville.

Libel by the United States against One Box of Tobacco, "Foot Prints"; F. M. Bohannon, claimant. Judgment for claimant, and the United States brings error. Reversed.

The claimant. F. M. Bohannon, is a manufacturer of tobacco in the city of Winston. N. C., and among other brands of tobacco manufactured by him is a brand called "Foot Prints," one box of which was seized under the libel filed in this case. The brand of tobacco was put up in 6-pound, 12-pound, and 18-pound boxes, containing, respectively, 20, 40, and 60 plugs or pieces of tobacco, each plug having imprints for 5 cuts, thus making the number of cuts in a 6-pound box. 100, in a 12-pound box, 200, and in an 18-pound box, 300. These cuts were to be separated, as they might be sold, by the retail dealer. but the lines of separation were superimposed upon the plugs, in the

factory. Within one of the 100 cuts in a 6-pound box was imbedded (concealed from view) a small tin tag in the shape of a human foot, having thereon the words "Foot Prints," and in the 12 and 18 pound boxes the number of cuts containing such tags was proportionately increased; that is to say, in a 12-pound box there were two cuts and in an 18-pound box three cuts containing such tags. A purchaser buying a cut of tobacco containing a tin tag was entitled to have said tag redeemed by the manufacturer for the sum of 50 cents. The cuts of tobacco were all of equal size and quality, and are said to have been worth at retail the sum of five cents, at which they were sold.

The libel was filed under the provisions of section 2, Act July 1, 1902, c. 1371, 32 Stat. 715, afterwards re-enacted as section 33, Act Aug. 5, 1909, c. 6, 34 Stat. 110 (U. S. Comp. St. Supp. 1909, p. 861), amending section 3394, Rev. St. U. S. (U. S. Comp. St. 1901, p. 2221), which act reads as follows: "Sec. 2. That the last paragraph of section thirty-three hundred and ninety-four of the Revised Statutes, as amended by the tenth section of the act of July twenty-fourth, eighteen hundred and ninety-seven, is hereby further amended so as to read as follows: 'No package of manufactured tobacco, snuff, cigars, or cigarettes, prescribed by law, shall be permitted to have packed in or attached to, or connected with them, nor affixed to, branded, stamped, marked, written, or printed upon them any paper, certificate, or instrument purporting to be or represent a ticket, chance, share, or interest in, or dependent upon the event of a lottery, nor any indecent or immoral picture, representation, print or words; and any violation of the provisions of this paragraph shall subject the offender to the penalties and punishments provided by section thirty-four hundred and fifty-six of the Revised Statutes.'"

The claimant duly filed his answer setting up the facts in relation to the packing and sale of his tobacco and the issue as framed at the trial was, "Is the property described in the libel forfeited to the United States for the causes alleged in the libel?" which issue was decided by the jury under instructions from the court in the negative, and judgment was thereupon entered in favor of the claimant, from which judgment the present writ of error was allowed.

A. E. Holton, U. S. Atty. (A. L. Coble, Asst. U. S. Atty., on the brief), for the United States.

J. E. Alexander and C. B. Watson (Watson, Buxton & Watson, on the brief), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and KELLER, District Judge.

KELLER, District Judge (after stating the facts as above). The only question arising on this writ of error is as to whether the methods of the claimant are violative of the act of Congress above quoted.

It is strenuously contended that inasmuch as the claimant conducts no lottery or drawing for the redemption of any of his tags, but, on the contrary, stands ready to redeem any and all of them at the uniform value of 50 cents per tag, such tags cannot be held to be "any instrument purporting to be or represent a ticket, chance, share, or interest in or dependent upon the event of a lottery." He says in his argument:

"The act evidently in its very letter comprehends a ticket (instrument) which shall depend for its value upon or participate in a lottery conducted somewhere else."

If this premise be granted, the conclusion would follow that the plan of the claimant was not violative of the act. But we think the

premise cannot be granted. The assumption is that to be violative of the act the value of the instrument or ticket must be dependent upon the event of a lottery, or, in other words, upon chance. We know of no warrant for thus construing the act. It cannot matter whether the methods used make the value of the instrument dependent upon chance or its possession (it having a fixed value) dependent upon chance.

Suppose, instead of placing a redeemable tag in the cut of tobacco, the claimant had placed therein a silver half dollar. The absolutely decisive contingency would lie in the choice of cuts, and the prize would be his who selected the cut containing the coin. Could it be said that the possession of the coin was not dependent upon the event of a lottery? Under this very clever scheme the lottery is conducted in the shop of the retailer. The tickets are the 5-cent cuts of tobacco, each of which, under the testimony in the case, is worth at retail the price charged for it, and one of which out of every 100 is worth 50 cents in addition. The possession of this prize is determined by chance, and the case seems in principle not different from that of Reg. v. Harris, 10 Cox's C. C. 352. Still more nearly in point is the case of Taylor v. Smetter, 11 Q. B. D. 207, where packets, each containing a pound of tea, were sold at so much per packet. In each packet was a coupon entitling the purchaser to a prize; said prizes varying in value and in character. The tea was admittedly worth the money paid for it. In this case the purchaser of each packet was entitled to a prize, the nature and value of which was determined by the coupon hidden in the packet. It was held that this was a lottery. It would assuredly not have been less so had only one packet of tea in every 100 contained a coupon calling for a definite value.

In our view, it will not do to limit the definition of a lottery to a scheme whereby the value of the certificate is dependent upon lot or chance. It does, and should equally include, a scheme whereby the possession and enjoyment of the prize is made to depend on lot or chance however compassed. The rule of construction in such cases, while properly strict, should not be such as to emasculate the true meaning of the provision, and we are entirely sure that the prohibition was aimed against the use in connection with the packing of tobacco of any device for the distribution of prizes, to be effected by the aid of lot or chance, and was entirely indifferent to the particular means used to accomplish the result.

The fact that the scheme adopted by the claimant was a simple and effective one, obviating the necessity for any subsequent drawing of prizes by making the event of the lottery depend on the successful selection of a cut of tobacco in the shop of the retailer, does not place it outside the prohibition of the law, but, on the contrary, by its very simplicity and practical effectiveness, makes it all the more attractive as an inducement to the prospective purchaser.

The decree of the District Court for the Western District of North Carolina, dismissing the libel, must be reversed, and a new trial awarded.

Reversed.